COMMERCIAL UNION FIRE INSURANCE COMPANY *v.* KING.

Opinion delivered April 28, 1913.

1. INSURANCE—WAIVER OF PROOF OF LOSS.—Where an insurance company denies any liability under a policy, the company waives the defense of failure to make proof of loss.   (Page 133.)

2. APPEAL AND ERROR—DIRECTED VERDICT.—When the trial court directs a verdict for the plaintiff, in determining the correctness of that action the Supreme Court will take that view of the evidence which is most favorable to the defendant.   (Page 133.)

3. INSURANCE—CANCELLED POLICY—NOTICE.—In an action against an insurance company, in order to sustain the defense that the policy was cancelled, the burden is upon the insurance company to show delivery to plaintiff of the letter cancelling his policy.   (Page 135.)

4. INSURANCE—CANCELLATION—QUESTION FOR JURY.—The receipt of a letter from an insurance company cancelling a fire insurance policy, held under the evidence, a question for the jury. (Page 135.)

5. INSURANCE—CANCELLATION OF POLICY—NOTICE OF.—An insurance company wrote to a policy holder, stating that it would cancel "this policy tomorrow, and if you can make other arrangements with some other agency, it will be well for you to do this before noon." *Held,* error for the trial court to hold that the letter was insufficient as a notice of cancellation. (Page 135.)

6. INSURANCE—CANCELLATION OF POLICY—TERMS OF POLICY.—An insurance company can exercise the right to cancel a policy only when such right is reserved in the policy, and can be exercised only as therein provided. (Page 135.)

7. INSURANCE—CANCELLATION OF POLICY—TERMS OF POLICY.—A notice from the general agent of an insurance company directing a local agent to cancel a policy of insurance is not effective to cancel the same when the policy provides for five days' notice to the insured. (Page 136.)

8. INSURANCE—NOTICE OF CANCELLATION—REQUISITES.—The notice from an insurance company to the insured of the cancellation of his policy should state an intent to cancel, an actual notice of cancellation within the meaning of the policy and so unequivocal in its form that the insured may not be left in doubt that his insurance will expire on the time limited by the terms of the policy, and that the company will not be liable for any loss after the expiration of that time. (Page 136.)

9. INSURANCE—NOTICE OF CANCELLATION.—When an insurance policy provides that it may be cancelled on five days' notice, the policy remains in force until the expiration of the five days, even though the company attempts to cancel it in one day by a letter to the insured. (Page 136.)

Appeal from Phillips Circuit Court; *Hance N. Hutton,* Judge; reversed.

*Moore, Vineyard & Satterfield,* for appellant.

1. The policy was void and was never delivered, nor was the premium paid. 74 Ark. 507; 78 *Id.* 127; 85 *Id.* 337.

2. The policy was properly canceled. 8 Pa. Dist. 261; May on Ins. (4 ed.), § 68; 19 Cyc. 646, par. 2, note 33; 7 R. I. 562.

3. The jury should have been allowed to pass on the question whether the notice of cancellation of the policy was received or not. 105 Ark. 136.

4.   Proof of loss was not made as required.   67 Ark. 584; 85 *Id.* 33; 72 *Id.* 484; 84 *Id.* 224; 87 *Id.* 171; 88 *Id.* 120.   There was no waiver.   88 Ark. 120.

*Fink & Dinning,* for appellee.

1.   The policy became a valid contract from date of issue.   74 Ark. 507; 78 *Id.* 127; 85 *Id.* 337.

2.   The policy was not cancelled.   The notice did not comply with the terms of the policy.   189 Pa. 255; 19 Cyc. 646; 37 L. R. A. 131, 137; 116 Md. 622; 39 L. R. A. (N. S.) 829; 6 Fed. 143; 45 N. J. L. 453.   Five days' notice was a condition precedent.   83 Md. 22; 34 Atl. 373; 3 Cooley's Briefs on Ins. 2794; 72 Hun. 141; 98 Ark. 421-4.

3.   Notice of cancellation must be proved.   72 Ark. 305; 100 N. Y. 451; 118 Ill. App. 349; 81 Ill. 88-94; 132 *Id.* 321; 148 *Id.* 304, 309; 121 Mass. 171; 116 Md. 622; 83 *Id.* 22; 37 L. R. A. 131; 16 A. & E. Enc. L. 873.   A notice by mail is not sufficient.   83 Cal. 246; 121 Mass. 171; 54 N. Y. Sup. Ct. 276.

4.   A denial of liability is a waiver of proof of loss. 94 Ark. 21; 83 *Id.* 126; 100 *Id.* 212.

SMITH, J.   The complaint in this cause was filed on August 25, 1911, and it was alleged therein that the appellant insurance company on the 8th day of November, 1910, issued to appellee, who was the plaintiff below, its policy of insurance, covering his household effects; which, on the 11th day of September, 1911, and while said policy was in force, were destroyed by fire, and that the property destroyed was of the value of $567.25.   He alleged further that the policy was not in his possession, but was sufficient in amount to cover the loss.

After a demurrer on the part of appellant had been overruled, it filed an answer, denying that it had insured appellee's household effects, as alleged, and further alleged that on the 8th day of November, 1911, its agent at Helena wrote a policy of insurance on the household effects of the plaintiff to the amount of $300; that the Helena agency made a report of the policy to the appellant in its regular daily report, and upon the receipt of such report, the appellant notified said agency that it had

ceased to write farm business, and instructed the Helena agency to cancel said policy and return it to appellant; and that on November 18, the following letter was written appellee:

"Helena, Ark., November 18, 1910.
"Mr. Esley C. King, City.

"Dear Sir: We renewed your policy on the 8th inst. but the company has ordered the same cancelled, in as much as practically all the companies have discontinued the writing of country business, it will be impossible for us to rewrite your policy. We will cancel this policy to-morrow, and if you can make other arrangements, with some other agency, it will be well for you to do this before noon.

"Assuring you that we are sorry that we can not take care of this business for you, we are,

"Yours truly,
"Aaron Meyers & Son."

It was further alleged in the answer that the said policy was never delivered to King, and that the premium had not been paid at the time it was cancelled, and that appellee had made no inquiry about the insurance until after the destruction of the property by fire, which occurred on the 11th day of September, 1911. That said policy contained the following provision in regard to its cancellation: "This policy shall be cancelled at any time at the request of the insured or by the company giving five days' notice of such cancellation."

The answer further alleged that appellee had failed to make the proof of loss required by the policy, but as there was a denial of any liability under the policy, that question passes out of the case. *Woodmen of the World* v. *Hall,* 104 Ark. 538; *Dodge* v. *Thompson,* 94 Ark. 21.

The cause was tried before a jury and under the directions of the court, a verdict was returned for the plaintiff for $300, and this appeal is prosecuted from the judgment pronounced thereon. In determining the correctness of the trial court's action in thus directing the verdict, we are required to take that view of the evidence

which is most favorable to the appellant. *Farmers Bank* v. *Johnson,* 105 Ark. 136.

There is but little conflict in the evidence, however, and such conflict as is material, is pointed out. Appellee testified that Meyers & Son, appellant's local agents, had written his insurance for several years past, and that it was understood that they would keep his property insured, and they would notify him if any new insurance had been written, and that his custom was to pay the premiums when called upon to do so. That he would have paid for this last policy, but was never asked to do so, and that while this policy had never been delivered to him, none of the policies had ever been delivered. That he called upon Meyers the next morning after the fire and demanded payment of his loss, but was informed that the policy had been cancelled eleven days after it had been written; and on his cross examination, he testified that Meyers had been writing him annual policies for the past four years and that his postoffice address was Helena and he came to town nearly every day for his mail, but had received no notification of the cancellation of the policy. The evidence on the part of appellant was to the effect that the policy was issued on November 8, 1910; and while this agency had been writing insurance for appellant for a few years prior to this loss, none of the policies had been written for appellant company. That when the local agents reported the policy in question, a letter was written by the general agent to the local agents, directing the cancellation of this policy and the letter dated the 18th, set out above, was written and properly addressed and posted in the United States mails in an envelope with a return card printed thereon. The above mentioned letter was taken from the carbon copy kept by the local agent. This agent testified that appellee had never paid, nor had he been asked to pay for this insurance for the reason that the policy had been cancelled, pursuant to the notice given appellee to that effect. That their custom was to charge themselves with the premiums and to send out monthly statements of the amounts due,

but no statement was sent appellee and the subject was never mentioned between them for the reasons stated, and the policy was never delivered, but was returned to the company when it was cancelled.

Appellant offered to introduce the letter cancelling the policy, but the court refused to permit its introduction and made the following ruling with reference thereto:

By the Court: "Let your exception go into the record. Your own witness stated that the letter or notice was given one day and the policy cancelled the next. The policy states the notice shall be given five days before the cancellation shall occur."

In making this ruling, the court evidently assumed that notice of cancellation had been received by appellee, but was insufficient for the reason given. As the case will be remanded, we take occasion to say that receipt of the letter by appellee is an essential fact to be affirmatively shown and the burden of proving its delivery is upon the appellant, and if its receipt is not established by the proof, then the jury should be instructed to return a verdict for the appellee. *Runkel* v. *Citizens Ins. Co.,* 6 Fed. 143; *Farnum* v. *Phenix Ins. Co.,* 23 Pac. 872; 19 Cyc. 646.

But this evidence, viewed as we must view it, presents the question of the receipt of the notice for the determination of the jury.

We think, however, that the court erred in holding that the letter was insufficient as a notice of cancellation. The policy in question is what is known as a standard policy and the provision with reference to cancellation upon five days' notice has been passed upon by many courts and uniformly held valid. But this right of cancellation, where a policy has been fairly entered into and has taken effect, can be exercised only because it is reserved in the policy, and can only be exercised as it is there provided. *Davis Lbr. Co.* v. *Hartford Ins. Co.,* 70 N. W. 88; *American Fire Ins. Co.* v. *Brooks,* 34 Atl. 376. The notice from the general agent to the local agent, di-

recting the cancellation of the policy did not accomplish that result. *Farnum* v. *Phenix Ins. Co.,* 23 Pac. 872.

The notice must be given to the insured, and it should state not merely an intent to cancel, if some condition be not complied with, but it must be an actual notice of cancellation within the meaning of the policy and so unequivocal in its form, that the insured may not be left in doubt that his insurance will expire on the time limited by the terms of the notice, and that the company will not be liable for any loss after the expiration of that time. *Southern Ins. Co.* v. *Williams,* 62 Ark. 386; *German Fire Ins. Co.* v. *Clarke,* 39 L. R. A. (N. S.) 829; *Lattan* v. *Royal Ins. Co.,* 45 N. J. L. 453. Of course, this policy remained in force for five full days after the receipt of this notice, if it was received, for it was a condition precedent to the right to cancel that this time be given in order that other insurance might be procured if desired before the cancellation became final. *American Ins. Co.* v. *Brooks,* 34 Atl. 376.

There was nothing uncertain about the notice set out above. If it was in fact received, appellee was advised in terms, which he could not fail to understand, that appellant had exercised its right to cancel the policy and had cancelled it. It is true, this notice stated the policy would be continued in force for only one day, but that statement did not affect liability for the five days following its receipt, and the fire did not occur until long after the five days had expired.

The question which is usually found in similar cases about the return, or the offer to return, the premium does not arise here for the premium had not been paid.

We conclude, therefore, that the notice claimed to have been given cancelling the policy was sufficient to accomplish that purpose, if it was in fact delivered, and the judgment is therefore reversed and the cause remanded with directions to submit that issue to the jury under appropriate instructions.