HOME INSURANCE COMPANY OF NEW YORK *v.* JONES.

4-4327

Opinion delivered June 29, 1936.

*Verne McMillen*, for appellant.
*Galbraith Gould*, for appellee.

McHANEY, J. Appellant issued its policy of insurance to appellee and Universal Credit Company (hereinafter called Credit Company) on May 20, 1935, covering for one year loss or damage by fire, theft or collision to a 1933 model Plymouth automobile. It contained a cancellation clause as follows: "This policy may be canceled at any time by this company by giving to the assured five (5) days written notice of cancellation with or without tender of the excess of paid premium above the pro rata premium for the expired term, which excess, if not tendered, shall be refunded on demand. Notice of cancellation shall state that said excess premium, if not tendered, will be refunded on demand. Notice of cancellation mailed to the address of the assured stated in this policy shall be sufficient notice." The policy also provided that loss, if any, should be payable to the Credit Company for the account of all interests.

On July 15, 1935, appellant elected to cancel the policy under the above provision therefor, and notice thereof was mailed on said date to appellee and the Credit Company—that to appellee being addressed to him at 402 West Fifth Street, Pine Bluff, Arkansas, the address stated in the policy, and his correct address at that time. On July 26, 1935, said automobile was damaged by collision in the sum of $265.77. Demand for payment was refused and this suit followed, first in the municipal court and then in the circuit court, and from the latter to this court. The judgment against appellant was for the above sum less $50 deductible under the policy.

Appellant defended on the ground that it had canceled the policy more than five days before the accident and was not, therefore, liable. Appellee contended and the court held that he did not receive the notice, and that the provision above quoted with reference to notice of cancellation is unreasonable, unfair, uncertain and, therefore, unavailing. The trial court also found that the unpaid notes on this car were bought on June 22, 1935, by the Simmons National Bank, and that there-

after the Credit Company had no interest in the transaction, and that the refund to the Credit Company by appellant on July 15, 1935, of the unearned premium on the policy was ineffective to bring about a cancellation thereof, and that it was in full force and effect on July 26, the date of the collision. The court made a finding of fact, (and it was so stipulated) as follows: "That notice of cancellation was mailed in Detroit on the 15th day of July, 1935, to the correct address of the insured, which was eleven days before the loss occurred."

The court erred in rendering judgment against appellant instead of for it. In the recent cases of *Home Ins. Co. of N. Y.* v. *Hall, ante* p. 283, 91 S. W. (2d) 609, and *General Exchange Ins. Corporation* v. *Coffelt, ante* p. 468, 92 S. W. (2d) 213, we specifically recognized the validity of identical cancellation clauses in similar policies. In the former case we said: "The cancellation clause in the contract of insurance existing between the appellant and appellee gave to the insurer the undoubted right to cancel the policy, by strictly complying with its provision." In the latter case we said: "With these fundamental rules in view we proceed to an analysis of the cancellation clause of the policy under consideration. The language employed by the parties is plain and unambiguous and no resort to construction is necessary. It expressly states that cancellation of the policy may be effected with or without return of the unearned premium, but it is expressly conditioned that the refund must be made upon demand.

"If the five days' notice of cancellation includes a promise to refund on demand, and no demand for refund be made during this period, the cancellation becomes effective, but if the insured demands a return of the unearned premium during the five days' period provided for cancellation, and such refund be refused by the insurer, then the cancellation of the policy is automatically deferred until the unearned premium is refunded."

In the former case it was contended that a directed verdict should have been given in appellant's favor because its witnesses testified the notice was mailed, while

appellee testified she did not get the notice, although living at the address named in the policy, and her attorney testified that appellant's adjuster admitted to him the notice was not mailed. A majority of this court held a jury question was made by this testimony. In the latter case we held that the cancellation notice was not effective because it promised to refund the excess premium on demand; that Coffelt made immediate demand for refund; and that it was not complied with.

Here, however, there is no question as to the proper mailing of the notice of cancellation to the proper address. It is so stipulated. There is no question as to demand for refund, as it was paid to the Credit Company when notice was given it. There is nothing to show that appellant knew the bank had bought the notes and succeeded to the rights of the Credit Company. We cannot agree with the trial court that the provision with reference to notice of cancellation is unreasonable, unfair, etc., and, therefore, void. On the contrary, the provision is valid, but must be strictly complied with to be availing. If the notice is given strictly in accordance with its terms, it is not necessary that the insured shall receive it to be effective, as its receipt is a risk he assumes under the plain provisions of the contract.

The judgment will, therefore, be reversed, and the cause dismissed.