CALIFORNIA–WESTERN STATES LIFE INS. CO. v. WILLIAMS.

No. 3720.

Court of Civil Appeals of Texas. El Paso.

Sept. 22, 1938.

Rehearing Denied Oct. 13, 1938.

Malone, Lipscomb, White & Seay and Geo. E. Seay, all of Dallas, for appellant.

Johnson & Oliphant, of Dallas, for appellee.

HIGGINS, Justice (after stating the case as above).

The cancellation clause in the contract is plain and unambiguous. The company had the right to cancel the "policy at any time by written notice delivered to the insured or mailed to his last address as shown by the records of the Company." The contention of the appellee that the cancellation was not effective until the notice was received by him cannot be sustained. To so hold would be to interpolate into the contract a condition which cannot reasonably be implied.

In Wolonter v. U. S. Casualty Co., 126 Va. 156, 101 S.E. 58, the policy contained a provision allowing the Company to cancel the policy at any time by a written notice delivered to the insured, or mailed to his latest address appearing on the Company's records. The Company attempted to cancel the policy by letter, but there was a question of fact as to whether or not the letter had been properly addressed to the latest address of the insured. The court said [page 61]:

"The contract was a valid contract, and the company had the right to cancel it in the manner therein provided. If the notice, properly addressed, was mailed to the assured at his latest address appearing on the company's record, accompanied by the company's check for the unearned premium, that was sufficient. The assured assumed the risk of the due receipt of the

notice. Manchester Fire Assur. Co. v. Insurance Co., 91 Ill.App. 609; International Life Ins. & Trust Co. v. Franklin Fire Ins. Co., 66 N.Y. 119."

In Gruen v. Standard Life & Accident Insurance Co. of Detroit, 169 Mo.App. 161, 152 S.W. 407, the policy provided that:

"Written notice, canceling this policy, may be mailed to the address given in the warranties at any time, and for any cause, and the company's check for the unearned portion of the premium shall be mailed with said notice and shall be sufficient tender of said refund."

The insured had not paid a renewal premium, although the insurer had mistakenly issued a renewal receipt stating that it had received $10 from the insured continuing the policy in force for another year. Subsequently, the defendant caused to be mailed to the insured notice that the policy was void by reason of non-payment of premium and had been cancelled on the books of the company from March 8, 1909, the date of mailing the notice. This notice was enclosed in an envelope addressed to the address of the insured as given in the policy, postage prepaid, and deposited in a U. S. mail chute and box in the City of St. Louis, Missouri, on said 8th day of March, 1909. The Court said:

"We concur in the trial court's conclusions of law upon the facts found by it. Undoubtedly the defendant had the right to cancel the policy and the renewal of same on notice, as provided in the policy, and that, too, without returning the premium for the renewal, none having been paid. 3 Cooley's Briefs on Insurance, pp. 2789, 2803; 1 May on Insurance (4th Ed.) § 67K; Little v. Insurance Co., 38 Ohio St. 110; Stone v. Franklin Ins. Co., 105 N.Y. 543, 12 N.E. 45; Insurance Co. v. Brecheisen, 50 Ohio St. 542, 35 N.E. 53."

Nor is there any merit in the contention that the notice of cancellation was ineffective because it undertook to retroactively cancel the policy as of December 14, 1936. The objection is technical.

In Hanover Fire Insurance Co. v. Wood, 209 Ala. 380, 96 So. 250, the policy contained the provision [page 251]:

"This policy shall be cancelled at any time at the request of the insured or by the company by giving five days' notice of such cancellation."

The company mailed out a notice to the insured which stated that the policy "is hereby cancelled." The court said:

"We think the objection to the form of the notice of cancellation is technical and without merit. It is true the notice declares that the policy 'is hereby cancelled,' whereas the policy provides that it may be cancelled at any time by the company 'by giving five days' notice of such cancellation.' Nevertheless such declaration will be intended as operative, according to the terms of the policy, at the end of five days after notice thereof."

To the same effect is American Glove Company v. Pennsylvania Fire Ins. Co., 15 Cal.App. 77, 113 P. 688. This policy contained a similar five days' provision. On April 9th a letter was mailed to the insured, stating that the policy would be cancelled on its books on the 14th inst. The court said [page 690]:

"That the notice fixed April 14th as the date on which the cancellation would become effective, or that the company prematurely entered an attempted 'cancellation,' or prematurely notified plaintiff that such 'cancellation' had become effective, are wholly immaterial facts. The cancellation was effective on the expiration of the five days after receipt by plaintiff of the notice of April 9th; that is, on April 16th, the notice having been received on the 11th. 'A mistake in designating the five days does not impair the sufficiency of the notice as a notice of cancellation as of the day when the period expired. Philadelphia Linen Co. v. Manhattan Fire Ins. Co., 8 Pa.Dist.R. 261. So, when seven days' notice was provided for, if the notice was received seven days before the loss it was sufficient as a cancellation, though not received seven days before the date fixed therein. Emmott v. Slater Mut. Fire Ins. Co., 7 R.I. 562.' 3 Cooley's Briefs on the Law of Insurance, 2794."

See, also, Commercial Union Fire Ins. Co. v. King, 108 Ark. 130, 156 S.W. 445.

The authorities referred to support the view, and we hold the notice of cancellation sufficient and effective on January 6, 1937, when such notice was mailed.

It is unnecessary to determine whether an anticipatory breach of the contract was shown by the evidence. Nor is it necessary to consider appellee's cross-assignment complaining of the trial court's ruling in allowing appellant the benefit of the proration clause contained in the seventeenth clause of the policy.

Reversed and rendered.