## GULF INS. CO. v. RIDDLE.

### No. 14817.

Court of Civil Appeals of Texas.
Fort Worth.

Jan. 31, 1947.

Strasburger, Price, Holland, Kelton & Miller and Mark Martin, all of Dallas, for appellant.

Smoot & Smoot and G. A. Smoot, all of Wichita Falls, for appellee.

SPEER, Justice.

Gulf Insurance Company of Dallas, Texas, hereinafter called defendant, issued its policy of insurance effective from August 23, 1945, and for one year thereafter to N. A. Riddle, hereinafter called plaintiff, against, among other things, collision and upset of plaintiff's automobile.

Plaintiff's car suffered damages from an upset or turning over on October 2, 1945. He had his car repaired at an expense of slightly over $500. and demanded payment of defendant, which was refused, and he instituted this suit for $750.

Defendant resisted payment and judgment at the trial upon a plea that the policy of insurance had been cancelled by it on September 21, 1945, prior to the accident under which plaintiff claims.

The policy of insurance provides certain conditions under which either plaintiff or defendant could cancel the policy before its expiration date. We need not mention the provisions relating to the right of plaintiff to cancel, but only as to defendant's right. In this respect the policy provides: "* * * This policy may be cancelled by the company by mailing to the named insured at the address shown in this policy written notice stating when not less than five days thereafter such cancellation shall be effective. The mailing of such notice as aforesaid shall be sufficient proof of such notice and the effective date of cancellation stated in the notice shall become the

end of the policy period. Delivery of such written notice \* \* \* by the company shall be equivalent to mailing."

The address of plaintiff as shown in the policy is: "N. A. Riddle, Star Route, Holliday, Archer County, Texas."

Trial was to a jury on Special Issues. The verdict in response to issues was: (1) On October 2, 1945, plaintiff suffered an upset resulting in damages to his automobile described in the policy. (2) Plaintiff's automobile was damaged by the upset. (3) The difference between the value of the car in Wichita County immediately before and immediately after the upset was $500. (4) The notice of cancellation mailed by defendant to plaintiff was not addressed to plaintiff at the same address set out in the policy. (5) Defendant tendered to plaintiff the pro rata portion of the premium paid on the policy, at the time it mailed the notice of cancellation. (6) Defendant refunded to plaintiff the unearned pro rata portion of the premium on the policy as soon as practicable after such cancellation was effective. (7) Plaintiff's failure to receive the notice of cancellation was not due to defendant's failure to direct it to the address appearing in the policy. (8) If plaintiff had received the notice on or about September 21, 1945, he would have had reasonable opportunity to secure another policy of insurance on his automobile to replace the one issued by defendant. (9) The written notice of cancellation was deposited in the United States Mails on September 21, 1945. (10) The notice of cancellation was not addressed to plaintiff as it appears in the face of the policy in question. (11) Plaintiff did not receive the notice of cancellation.

Defendant moved for judgment on the verdict and alternatively for the court to disregard the answers to issues 4, 10 and 11. This was overruled by the court.

Plaintiff moved for the court to disregard special issues 5, 6, 7 and 9 and for judgment notwithstanding same. After notice and hearing on that motion, it was sustained, and judgment was entered for plaintiff against defendant for $500. Defendant's motion for new trial was overruled and it has perfected this appeal.

Reversal is sought on three points of error; they are in substance: (1) In rendering judgment for plaintiff and not for defendant upon the jury finding that prior to the loss in question, a written notice of cancellation was mailed plaintiff, "It being undisputed that the address to which the notice was mailed was plaintiff's correct address at which he regularly received mail and was the same place referred to as plaintiff's address stated in the policy." (2) In overruling defendant's motion for judgment notwithstanding the answers to issues Nos. 4, 10 and 11 wherein the jury found that the notice of cancellation was not received by plaintiff and that the notice was not addressed as set out in the policy, "Such findings being immaterial and without support in the evidence." And (3) In rendering judgment for plaintiff notwithstanding the answers to Special Issues Nos. 5, 6, 7, and 9, "\* \* \* when such findings by the jury were clearly supported by the evidence and were material."

The three enumerated points are discussed by defendant as a group but we will refer to them separately. We have concluded that no reversible error is presented by the points raised and will presently demonstrate why.

▊ We think it proper to make some general observations concerning this case, which seem settled principles of law. In the absence of fraud, mutual mistake, and such matters, the policy of insurance is the contract between the parties. Courts will not undertake to make contracts for parties but will interpret and enforce those made by them. If the provisions of a policy contract are ambiguous, they will be construed in the light most favorable to the insured; if not ambiguous they will be construed and applied as agreed upon between the parties. An unequivocal agreement contained in the contract, whereby either party may cancel and end the contract, is binding between the parties and a strict compliance with the terms contained in the contract will end its binding effect.

▊ As pointed out above, either party could terminate the contract by doing the things therein set out. Defendant here

asserts that it canceled the policy under the terms therein provided by mailing to plaintiff its notice of cancellation on September 21, 1945, to his proper address, which "was the place referred to as plaintiff's address as stated in the policy." We think the contention is not borne out by the record. Plaintiff said when the policy was issued he lived nine miles out of Holliday on the Star Route; that he moved back to Holliday early in October (1945), he didn't remember the date; he got his mail at general delivery for awhile and at the time of trial had a box on a rural route. It is certain that the notice by defendant was not addressed to a "Star Route" as provided in the policy contract. The notice was mailed on September 21, 1945, with necessary postage by dropping it in a U. S. Mail chute in an office building in Wichita Falls, Texas, addressed: "Mr. N. A. Riddle, Holliday, Texas." Defendant had contracted that it could cancel the policy by mailing a notice of such intention to plaintiff "at the address shown in this policy." The address shown in the policy was "N. A. Riddle, Star Route, Holliday, Archer County, Texas" with the word "address" preceding "Star Route", "Town or City" underneath "Holliday" and "County" underneath "Archer." It is undisputed by the testimony that plaintiff did not receive the notice. It is uncertain from the testimony whether plaintiff resided on the "Star Route" or in Holliday, when the notice was mailed. It is perfectly obvious from the address shown in the policy that plaintiff did not reside in or at Holliday at the time, this had some significance. An address on a "Star Route" indicates something akin to a rural route out of a town or village, or similar to a given street address in a city. Either is important for delivery. We are not concerned here with the general presumption that a letter properly addressed, stamped and mailed was received by the addressee, but only with a strict compliance with the terms of the contract.

The contract as made may have been an improvident one by plaintiff, but such as it is, he made it, as did the defendant, and for either to find relief under it, all conditions precedent to its effectiveness must be observed.

It has frequently been held in this state and many other jurisdictions that when a policy provides for cancellation by the insurer by mailing notice thereof in compliance with the terms of the contract, cancellation is effective as of the date specified in the notice, whether actually received by the insured or not. California-Western States Life Ins. Co. v. Williams, Tex.Civ.App., 120 S.W.2d 844, writ dismissed; Seaboard Mutual Casualty Co. v. Profit, 4 Cir., 108 F.2d 597, 126 A.L.R. 1105, and authorities there cited. But it must be noted that in all such cases the notice of cancellation bore the address contracted for, i. e. the one shown in the policy or "insured's last address as shown by the records of the company." The defendant in this case will not be permitted to take advantage of one part of the provision for cancellation and not be required to observe them all, especially when it is so apparent that it did not attempt to address its notice of cancellation to the address shown in the policy contract.

Defendant cites and relies upon holdings in California-Western States Ins. Co. v. Williams, Tex.Civ.App., 120 S.W.2d 844, writ dismissed; Dent v. Monarch Life Ins. Co., 231 Mo.App. 283, 98 S.W.2d 123; Home Ins. Co. of New York v. Jones, 192 Ark. 916, 95 S.W.2d 894 and others of similar import. We fail to see how defendant can obtain comfort from these cases.

In the California-Western States case, [120 S.W.2d 845] first cited above, the contract provided that cancellation could be effected by mailing notice to insured "to his last address as shown by the records of the Company." There was no contention made at the trial of that case that the notice was not so addressed. It was held that the company having complied with the terms of the contract, the notice canceled the policy.

In Dent v. Monarch Life Ins. Co., supra, the policy contract contained the same provision as that in California-Western States Ins. Co. v. Williams, just referred to. Likewise, there was no contention that the notice was not addressed to plaintiff "to his last address as shown by the records of the Company." Court held that the policy constituted the contract of the parties;

that the court would not assume to make their contract but to enforce the one made by them; that the notice effectively canceled the policy.

In Home Ins. Co. of New York v. Jones, supra [192 Ark. 916, 95 S.W.2d 895], the contract provided that the company could cancel the policy by "Notice of cancellation mailed to the address of the assured stated in this policy shall be sufficient notice." The opinion recites the address as given by the notice was that contained in the policy, and was insured's correct address at that time. Court upheld the provisions of the contract and although insured did not receive the notice, he was bound by it.

As we construe this record, we have an entirely different situation before us. As pointed out above, defendant seeks to rely upon a notice of cancellation provided in the contract, but definitely did not mail it to the address of plaintiff as shown in the policy. The address shown in the policy was as much a part of the contract which defendant relies upon as is the provision of notice being mailed to plaintiff. Defendant may not rely upon the part favorable to it and not be bound by other parts or conditions upon which the applied part depends. For defendant to claim a cancellation by mailing the notice, it, of necessity must have complied with its agreement. If plaintiff had moved away from the address given in the contract, and defendant had complied with its terms, plaintiff contracted to assume the risk of receiving such notice and could not be heard to rely upon not having received the notice. California-Western States Life Ins. Co. v. Williams, Tex.Civ. App., 120 S.W.2d 844, writ dismissed.

Second point of error complains because the trial court refused to disregard the answers to special issues 4, 10 and 11, wherein it was found that (a) plaintiff did not receive the notice and (b, c) the notice was not addressed as set out in the policy, because, defendant asserts: "Such findings being immaterial and without support in the evidence." We have already pointed out that if the notice had been properly addressed, stamped and mailed as provided by the contract, it would have been immaterial whether plaintiff received it or not,

yet the all important part and the condition precedent to the effectiveness of the notice, was, that it be addressed as shown in the policy. It is apparent that the notice was not addressed as shown in the policy and the jury so found. We doubt that if the jury had found to the contrary such finding would have had support in the evidence.

Third point assigns error because the trial court disregarded the answers to special issues 5, 6, 7 and 9, and entered judgment for plaintiff. If we are correct in the conclusions previously expressed in this discussion to the effect that defendant did not comply with the terms of the contract in the manner it addressed the notice of cancellation, it became immaterial whether it tendered to plaintiff the pro rata part of the unearned premium, as found by the jury in response to special issues 5 and 6. The jury found in response to special issue No. 9 that the written cancellation (by defendant) of the policy was deposited in the U. S. Mail on September 21, 1945. There was no occasion for the submission of this issue at all, since there was no controversy in the testimony as to the time and place of its mailing. If we be correct in holding that the manner in which it was addressed rendered it ineffective to cancel the policy when not received by the plaintiff, its mailing became immaterial since the uncontradicted evidence shows plaintiff did not receive it.

By answer to special issue No. 7 the jury found that the failure of plaintiff to receive the notice of cancellation (relied upon by defendant) was not due to the company's failure to address it to the address shown in the policy; this answer was disregarded by the trial court and is assigned as error because supported by evidence and was material. There was no provision in the contract by which liability could be avoided if failure to receive the notice was not caused on account of an improper address. There is no statutory provision or other law to prevent such a provision and it could have been legally inserted if the parties had desired it. Somewhat analogous to the situation here is the holding in Home Ins. Co. v. Springer, Tex.Civ.App. 131 S.W.2d 412. The situation before us

**1004**

is rather the converse of the provisions of Article 4930, R.C.S., Vernon's Ann.Civ.St. art. 4930, where it is provided in effect, that a breach or violation of the terms of the policy shall not constitute a defense to loss, "unless such breach or violation contributed to bring about the destruction of the property." See also American Gen. Ins. Co. v. Bell, Tex.Civ.App., 116 S.W.2d 877 and cases cited. In the absence of a provision in the contract to that effect, defendant could not avoid liability upon the contention nor by a jury finding that its failure to address its notice of cancellation to the address to which it contracted, was not the cause of plaintiff's failure to receive it, and the court properly disregarded such finding.

After a careful examination of the record relating to the points of error assigned we conclude they should be overruled and the judgment affirmed, and such is our order.

Affirmed.