MERRIMACK MUTUAL FIRE INSURANCE COMPANY v. SCOTT.

4-9533                                    240 S. W. 2d 666

Opinion delivered June 18, 1951.

160

*Wright, Harrison, Lindsey & Upton,* for appellant.

*Grubbs & Grubbs,* for appellee.

Minor W. Millwee, Justice. This is an action by appellee, Estelle W. Scott, against appellant, Merrimack Mutual Fire Insurance Co., on a policy insuring appellee against loss to her automobile by collision. By agreement of the parties the case was tried on a stipulation of facts before the trial court, sitting as a jury, resulting in judgment for appellee.

Appellant resisted the claim of appellee upon a plea that the policy of insurance had been effectively canceled by it prior to October 17, 1949, the date of the collision. The correctness of the trial court's finding that the policy was in full force and effect on said date is the sole issue on this appeal.

The stipulation entered into by the parties reflects the following facts: Appellee and her husband, Dr. E. W. Scott, formerly resided in New York where appellant issued the policy in question to appellee with Dr. Scott named as an additional insured under the policy. On July 28, 1949, appellant executed a renewal certificate extending said policy from August 28, 1949, to August 28, 1950, and the premium was paid in full for the period covered

by the renewal certificate. The original policy and the renewal certificate were countersigned by the Automobile Club of New York Agency Co., Inc., as the authorized agent of appellant. On October 5, 1949, the manager of said agency mailed a letter addressed to appellee at 210 Clinton Ave., Brooklyn, New York, which was the assured's address as shown in the policy issued in 1948. The letterhead upon which the letter was written reads: "A.C.N.Y. Agency Co., Inc., Insurance AAA Exclusively for Members." This letter advised that appellant and another company, which carried the public liability and property damage covered on appellee's car, had elected to cancel said policies and there was enclosed a cancellation notice accompanied by a check representing refund of the unearned premiums computed on a pro rata basis. The cancellation notice stated that the policy "is hereby cancelled from 12:01 a. m. of October 13, 1949, after which the Companies will not be liable under the policy". The letter containing the cancellation notice and refund check was forwarded and reached Eudora, Arkansas, on October 10, 1949. The Automobile Club of New York and the Automobile Club of New York Agency Co., Inc. for a number of years have done business from one and the same office at 28 East 78th St., New York 21, New York.

At the trial it was stipulated that Dr. E. W. Scott would testify to certain facts. Although appellant objected and saved exceptions to the admission of this testimony as being incompetent and immaterial, the motion for new trial contains no assignment of error relative thereto. The facts to which it was stipulated Dr. Scott would testify are as follows:

"1. Dr. E. W. Scott is the husband of the insured, Estelle W. Scott, and an additional assured named in the policy and acted as her agent in acquiring the insurance policy involved, through the Automobile Club of New York. The said E. W. Scott had been a member of the Automobile Club of New York for a period of 17 years from 1932 to 1949 and all during this period he has purchased his automobile insurance through said club at its offices in the Hotel Statler (formerly Hotel Pennsyl-

vania) at 28 E. 78th St., New York 21, N. Y., and his club dues and insurance premium on this and other policies through the years were paid at the same desk and separate checks handed to the same person, or persons.

"2. On September 14, 1949, the Automobile Club of New York issued to Dr. E. W. Scott its 'Inter-club Membership Receipt' for dues for transfer to the Arkansas Automobile Club and in such receipt, or attached thereto is certain 'Personal Accident Insurance Policy Information,' showing that after September 30, 1949, both insureds' address would be Eudora, Arkansas, such receipt being attached hereto and marked Exhibit 'E'.

"3. Dr. and Mrs. Scott left New York City on September 30, 1949, and drove up into the Adirondack Mountains for a short vacation, after which they started on their trip to Eudora, Arkansas, in the automobile covered by the policy sued on and on the afternoon of October 17, 1949, the collision occurred near Rutledge, Tenn., and that evening Dr. Scott called the New York Automobile Club in order to report the accident and was told for the first time that his policy had been cancelled. Due to the wreck and minor injuries and a civil suit filed against them there, the Scotts did not arrive in Eudora, Arkansas, until October 24, 1949, at which time they received the written notice of cancellation of the policy herein involved, which had been forwarded from 210 Clinton Ave., New York City." It was also stipulated that appellee's car was damaged to the extent of $425 in the collision.

The policy contains a provision relating to appellant's right to cancel, as follows: ". . . This policy may be canceled by the Company by mailing to the named insured at the address shown in this policy written notice stating when not less than five days thereafter such cancellation shall be effective. The mailing of notice as aforesaid shall be sufficient proof of notice and the effective date and hour of cancellation stated in the notice shall become the end of the policy period. Delivery of such written notice either by the named insured or by the company shall be equivalent to mailing."

It is the contention of appellant that, under the admitted facts, it fully complied with the above provision and that the policy was effectively canceled when it mailed the notice to appellee on October 5, 1949, directed to the New York address shown in the policy.

The purpose of provisions for notice to the insured, such as the one here involved, is to enable the insured to obtain insurance elsewhere before he is subjected to risk without protection. 29 Am. Jur. 7, § 282; 35 A. L. R. 900. It is well settled by the decisions of this court and the authorities generally that a strict compliance with the conditions of such a privision is a prerequisite to assertion of a right of cancellation thereunder. 45 C. J. S. 7, § 450 (b)(1); 29 Am. Jur. 7, § 275; *Commercial Union Fire Ins. Co.* v. *King,* 108 Ark. 130, 156 S. W. 445; *Home Ins. Co. of New York* v. *Jones,* 192 Ark. 916, 95 S. W. 2d 894.

There is another rule, which appears to be well recognized, to the effect that where notice of the insured's change of address has been sent to the insurer, or knowledge thereof has been acquired by its agents, a notice to the insured at the address originally stated in the policy is not effective to bind him as to the consequences thereof, at least in the absence of actual receipt of such notice or effective knowledge thereof. In an annotation on the subject in 149 A. L. R. 1316, the following cases, among others, are cited in support of this view: *Goodwin* v. *Provident Sav. Life Assur. Asso.,* 97 Iowa 226, 66 N. W. 157, 32 L. R. A. 473, 59 Am. St. Rep. 411; *Long* v. *Home Indem. Co.* (La. App.) 169 So. 154; *Wolonter* v. *U. S. Casualty Co.,* 126 Va. 156, 101 S. E. 58.

The applicable principles are aptly stated in Couch Cyclopedia of Insurance Law, § 1440, as follows: ''Where the policy provides that notice shall be mailed to the latest address appearing on the company's books, the notice must be given in the manner prescribed. Furthermore, a policy provision that notice of cancellation may be given by mail addressed to the insured 'at the premises stated in or on this policy' is not complied with by addressing a notice which incompletely bears the address

as contained in the policy. The books, however, must correctly show the address, or a change thereof, if the insured has given insurer proper and sufficient notice thereof, as it is insufficient to mail a notice to the insured to the original address if the company has been notified of a change, even though such change has not been noted on its books.''

In *Wolonter* v. *United States Casualty Co., supra,* the accident policy authorized cancellation by written notice to insured mailed to his latest address ''appearing on the company's record''. After issuance of the policy and prior to mailing of the notice of cancellation to insured at the address designated in his application, the company's agent was informed of assured's change of address. In holding the notice ineffective to cancel the policy, the court said: ''But it was the duty of the company to see that its records correctly set forth the facts that were communicated to it, and it will be held to the same measure of responsibility as if it had done so. The company makes and keeps its own records, and the assured is powerless to do more than communicate to it such facts as are necessary to enable it to make proper entries on its records. If from negligence or other cause not chargeable to the assured, its records do not correctly state the facts, they cannot be vouched in bar of a valid claim of an assured.''

In *Long* v. *Home Indem. Co., supra,* an automobile liability policy provided for cancellation by written notice mailed to the address of the assured as given in the policy. A notice sent to such address was held ineffective where the general agents of the insurer had actual knowledge that the assured received his mail elsewhere, the court saying: ''We do not think the notice to cancel was mailed to the proper address of the assured. Placing the address of the assured in the policy was for the benefit and convenience of the insurer, as it could not be expected to keep watch over his movements and shifts from place to place; but, in this case, where the insurer has definite knowledge that the assured's address has been changed, it is required to govern itself thereby.''

Appellant relies on the case of *Gendron* v. *Calvert Fire Ins. Co.,* 47 N. M. 348, 143 Pac. 2d 462, 149 A. L. R. 1310. In that case the court held that an automobile insurance policy was effectively canceled under a provision similar to the one involved here. The court stated there was nothing to show that the insurrer ever had notice of a change in the assured's permanent address. It was further stated that, conceding that the company's adjuster had notice of such change of address prior to notice of cancellation, there was nothing to show that insured desired the company to recognize such change. The court then said: "This is not to say that the address of the policy might not be changed if properly brought to the attention of the company and a suffiicent request made therefor, thereby indicating a clear intention that the insured would no longer rely upon contact with the insurer through letters mailed and to be forwarded from the address originally shown on the policy."

Appellant also relies on our case of *Home Ins. Co. of New York* v. *Jones, supra,* but the question of a change in the assured's address was not involved in that case and the court stated that there was a strict compliance with the cancellation provision by the mailing of a proper notice to the address stated in the policy, which was also the correct address of the insured at the time.

Appellee argues that the cancellation provision is ambiguous and invalid, and that actual receipt of the notice is essential to the right of cancellation, but we find it unnecessary to determine these questions. Assuming the validity of the cancellation provision, we think it was shown by competent evidence that appellee gave appellant proper and sufficient notice of a change of address from that stated in the policy and that a strict compliance with its terms required a mailing of the notice to the changed address at Eudora, Arkansas. On September 14, 1949, Dr. E. W. Scott, acting as his wafc's agent, gave written notice that after September 30, 1949, the address of appellee would be Eudora, Arkansas. While this notice was given to the Automobile Club of New York, we think it is clear from the testimony of Dr. Scott that it was

given to the same persons who had represented that club and the A. C. N. Y. Agency Co., Inc. in their joint office for several years. These persons countersigned the policy in issue, received the premiums thereon and mailed the notice to appellee as the authorized agent of appellant. While it was not necessary under the circumstances to show a reason for cancellation of appellee's policy, it is not unreasonable to assume that appellant elected to do so because of its knowledge of appellee's change of residence from New York to Arkansas, at least no other motive for cancellation is shown. We conclude there was sufficient evidence to support the trial court's finding that appellee's policy was in full force and effect at the time of the collision on October 17, 1949.

The trial court allowed appellee's attorneys a fee of $125. The motion of appellee for an additional attorneys fee of $100 for the appeal is granted.

Affirmed.

GEORGE ROSE SMITH, J., dissenting. It seems to me that the effect of this decision is to deny to the insurer its undoubted power to cancel the policy upon five days' notice. For had the notice been addressed to the insured at Eudora I have no doubt that the majority would have held (and I would have agreed) that such a procedure would not have been a strict compliance with the terms of the policy. The policy required that notice be sent to the insured ''at the address shown in this policy.'' Here the insured had not requested the insurer to change her address on its records; all that happened was that her husband asked for a change of his club membership to Arkansas. There would certainly have been a valid reason for Mrs. Scott to want notices to be sent to her husband's business address until the couple reached Eudora, as she could have arranged for important mail to be opened in Brooklyn and word sent to her if any action appeared to be necessary. Similar arrangements could not have been made in Eudora, where the Scotts were strangers. Hence it seems plain that the insurer would not have complied strictly with the terms of the policy by officiously choosing to send the notice to an address

not named in the policy. It would therefore have been liable.

But it now developes that the insurer is also liable for its strict compliance with the terms of the contract, merely because the insured's husband had asked that his club membership be transferred to Arkansas. I certainly agree with the rule of strict compliance, but I do not think we ought to penalize the insurer when it has done exactly what it agreed to do and would clearly have been liable had it done anything else. Apparently the only safe course for the insurer in this situation is to send notices to both addresses, even though the contract does not require that procedure.

WARD, J., joins in this dissent.