## Wavelon H. YANT v. L. R. BOWKER

5-5306                                        454 S. W. 2d 84

Opinion delivered May 25, 1970

*John I. Purtle,* for appellant.

*L. R. Bowker,* pro se.

J. Fred Jones, Justice. This appeal involves a $31 lawsuit. The litigation arose between the appellant, Wavelon H. Yant, and his insurance agent, L. R. Bowker, when Bowker filed a complaint against Yant in the North Little Rock Municipal Court alleging debt due for insurance premium in the amount of $31 and praying judgment for that amount. Yant denied in his answer that he owed Bowker any sum of money for an insurance premium for the reason that the policy was not renewed on its renewal date. The answer also alleged that Bowker is not an insurance company and could only be acting for someone else, and that he is not the proper person to bring an action for an insurance premium due some company which he may or may not represent.

Judgment was rendered in favor of Bowker in the North Little Rock Municipal Court for $31. Upon appeal to the Pulaski County Circuit Court judgment was also rendered for Bowker in the same amount as in the municipal court. On appeal to this court Yant relies on the following point for reversal:

". . . there was no valid contract binding appellant to continue the unsolicited policy in force or to pay for it."

The policy is not before us on this appeal but Mr. Bowker testified that on the 9th day of August, 1966, he wrote a Travelers Insurance Company policy for a three year period on a frame house belonging to Yant, and that the premium was payable in three annual installments of $62 each. He says that Yant promptly paid the first years' premium due on August 9, 1966, but was slow in paying the installment due on August 9, 1967. He testified that Yant did finally pay the 1967 premium installment on January 9, 1968, but totally failed and refused to pay the 1968 installment which was due on August 9, 1968. He says that the policy was surrendered and cancelled on February 9, 1969, and that he filed suit for the earned portion of premium installment for 1968. Mr. Bowker says that he wrote this policy with the Travelers Insurance Company and that he remits to Travelers within 45 days following the month in which a premium becomes due. He testified that the policy in question was not the type of policy subject to renewal, but was a term policy which ran from August 9, 1966, to August 9, 1969, with the premium being payable annually. He says that the policy could have been terminated at any time.

Mr. Yant testified, in part, as follows:

"Q. Do you recall any conversations with Mr. Bowker concerning the annual premium which was due on the policy in question in 1968?

A. I don't remember the exact dates, but I do remember the conversation over the telephone."

Mr. Yant denied that he agreed to accept the policy or that he ever agreed to pay for it, and denies that he ever requested Mr. Bowker or anyone else to pay his insurance premiums. He denies that he ever ordered the policy or made any application for the policy and then Mr. Yant testified as follows:

"Q. When you received a notice from Mr. Bowker on the two prior years, you did pay it?

A. I paid it previously, for the first two years.

Q. What about the one that was due in '68?

A. The third year, when it came up, I told him I didn't have the money to pay for it and he might as well go ahead and cancel it.

Q. Did you ever, at any time, agree to continue the policy after that?

A. No, never did."

The difficulty between the parties in this case apparently arose out of their different interpretations of the provisions of the insurance contract. The appellant apparently interpreted it as one to be *renewed* annually, and the appellee interpreted it as a three year contract to be paid for in annual installments, but one that could be terminated by either party at any time. The policy is not before us and its provisions for cancellation are not in the record. As to the appellant's efforts to cancel the policy, he testified as follows:

"The third year when it came up, I told him I didn't have the money to pay for it *and he might as well go ahead and cancel it."* (Emphasis supplied).

In the case of *Commercial Union Fire Ins. Co.* v. *King,* 108 Ark. 130, 156 S. W. 445, the insurance company was defending a claim for loss due to fire on the ground that the insurance company had cancelled the policy before the fire. In that case the court said:

"The notice must be given to the insured, and it should state not merely *the intent to cancel,* if some condition be not complied with, but *it must be an actual notice of cancellation* within the meaning of the policy and so unequivocal in its form, that the insured may not be left in doubt that his insurance will expire on the time limited by the terms of the notice, and that the company will not be liable for any loss after the expiration of that time." (Emphasis supplied).

No less notice should be required when the insured is the party attempting to cancel the policy. The appellant has the burden of proving the affirmative defense of cancellation of the policy in order to avoid payment of the premium, and the trial court found that the appellant failed in carrying that burden in the case at bar. The conversation of the appellant with the appellee, as testified by the appellant, indicates at most, a mere intention on the part of the appellant to cancel the policy. Certainly this is true in the absence of any showing by the appellant of any overt actions that he took in order to effectuate the cancellation of the policy.

In Cooley's Briefs on Insurance, vol. 5, p. 4647, the following rule is stated:

". . . even in case of a cancellation of the contract by the insured, the mere intention to cancel will not be sufficient without some overt act giving the company notice that the contract is at an end."

By precedent of our own cases, too numerous to mention, we are required to affirm the judgment of a trial court in a law case when supported by any substantial evidence. The conflicting testimony of Mr.

Bowker and Mr. Yant was heard by the trial court sitting as a jury and the conflict was apparently resolved in favor of Mr. Bowker. This is not a suit on an insurance policy where the insurance company is an indispensable party in interest. This is a suit for debt in the amount of $31 brought by an insurance agent against his customer for an earned portion of an over-due insurance premium which the agent says he was obligated to remit to the company in which the insurance was written within 45 days from the date of the policy.

Judgment is affirmed.