Howard J. BARNES and Barbara BARNES, *v.*
ARKANSAS STATE HIGHWAY COMMISSION

CA 83-107                                                664 S.W.2d 884

Court of Appeals of Arkansas
Division II
Opinion delivered February 22, 1984
[Rehearing denied March 21, 1984.]

*Ball, Mourton, & Adams,* for appellants.

*Thomas B. Keys* and *Chris Parker,* for appellee.

GEORGE K. CRACRAFT, Judge. Howard J. Barnes and Barbara Barnes appeal from a judgment entered on a jury verdict assessing just compensation for the taking of their lands by the Arkansas State Highway Commission. They contend that the trial court erred in denying their motions to suppress evidence regarding two ordinances of the City of Fayetteville and in allowing the appellee to present evidence of enhanced value to their remaining lands as a result of the taking. We find no error.

In 1969 the City of Fayetteville adopted Ordinance No. 1661 which as amended required all developers of lands abutting controlled access highways to submit to the City Planning Commission a plat of any proposed development and required that each such development include a 50 foot right-of-way for a service road across the property. It further required that the construction of the service road was to be at the individual developer's expense but deferred the obligation of construction until all property between it and the outlet to the controlled access highway had been provided. The ordinance further required the service road to be dedicated to the City of Fayetteville. At that same time the city council adopted Ordinance No. 1662 declaring the entire length of U.S. 71 Bypass to be a controlled access highway.

Ten years later the Highway Commission determined that it would construct a service road adjacent to U.S. 71 Bypass at state expense. In November 1979 the Commission commenced condemnation proceedings against appellants to acquire right-of-way for the service road. Appellants owned jointly one tract of land across which the service road passed and appellant Barbara Barnes owned a tract immediately south of it in her own right. The two proceedings were consolidated and set for trial on September 20, 1982.

Immediately prior to the commencement of the trial the appellants made oral motions in limine seeking to suppress testimony regarding the city ordinances. These motions were denied and the State's experts were allowed to testify that in arriving at the fair market value of lands immediately before the taking they had given consideration to the existence of these ordinances along with all other factors affecting market value. They testified that any knowledgeable buyer would be aware of the financial burden these ordinances imposed upon the owner to construct service roads and would discount the price they would be willing to pay.

In arriving at the market value of the lands immediately after the taking the experts also took into consideration the fact that the taking had relieved the owner of the lands of that financial burden and in their opinion this factor would enhance the value of the remaining property. The court instructed the jury that they could consider these ordinances in determining fair market values of the land and gave a proper instruction that the Commission had the burden of proving that the highway had enhanced the value of the property remaining after the taking and that the benefits were of a special and peculiar nature not shared by the general public. *Ark. Hwy. Comm'n v. Hambuchen,* 243 Ark. 832, 422 S.W.2d 688 (1968).

The appellants argue that these ordinances were invalid and that during the pendency of this appeal the Supreme Court declared them to be in violation of Ark. Const. art. 2, § 22. *Calabria v. City of Fayetteville,* 277 Ark. 489, 644 S.W.2d 249 (1982). They contend that the court erred in permitting testimony regarding the ordinances and instructing the jury as to enhancement.

It is well settled that the measure of damages for the taking of private property for highway purposes is the difference in the fair market value of the lands immediately before the taking and immediately after less any enhancement in value resulting from the taking. *Young v. Ark. State Hwy. Comm'n,* 242 Ark. 812, 415 S.W.2d 575 (1967).

Ark. Stat. Ann. § 76-521 (Repl. 1981) specifically provides that in cases of condemnation for highway purposes the jury may deduct from the value of lands taken any benefits the highway may confer on the remaining land. *Bridgman* v. *Baxter County*, 202 Ark. 15, 148 S.W.2d 673 (1941). It is also settled that in arriving at "before and after" value of the lands a jury may consider every element that can fairly enter into the question of market value and which a businessman of ordinary prudence would consider before purchasing the property. *Ark. State Hwy. Comm'n* v. *1st Pyramid Life Ins.*, 269 Ark. 278, 602 S.W.2d 609 (1980). Whether these ordinances were invalid or would subsequently be held unconstitutional was not the issue in the trial court. The issue was whether the fact that they existed, unchallenged and presumptively valid *at the time of taking* was a factor that an ordinary prudent person would consider before purchasing the property. From the evidence the jury could, and from its verdict it obviously did, believe that they were a factor and that the action of the Highway Commission in relieving the landowner of this financial burden was a factor that an ordinary prudent man would consider before making the purchase.

We find no error.

MAYFIELD, C.J., and COOPER, J., agree.