The Honorable Jerry E. Hinshaw State Representative 18804 Wheeler Road Springdale, AR 72762
Dear Representative Hinshaw:
This is in response to your request, made on behalf of the City of Siloam Springs, for an opinion as to who is liable for the payment of property taxes that accrued prior to the time that the property was acquired by the city and became tax exempt.
After having reviewed the correspondence attached to your request, it is my understanding that the relevant facts upon which you base your request are as follows: The City of Siloam Springs acquired certain property by way of eminent domain after the third Monday in February of 1990 and has since used the property exclusively for public purposes. The tax assessor has billed the city for taxes that accrued on the property prior to its tax exempt status. The city maintains, partially on the basis of Attorney General Opinion No. 81-022, that the previous owner is liable for any taxes that are owed. The assessor, on the other hand, believes that tax liability goes with the property, rather than with the person, and that the city must pay.
On behalf of the city, you have posed the following specific question:
 [I]f a municipality acquires property after the third Monday in February, is the seller responsible for the taxes which are or later become due?
It is my opinion that the city is liable for payment of the taxes that are owing.
Assessment is performed yearly. See A.C.A. § 26-26-1101. The amount of the assessment is based upon the value of the property as of January 1. See A.C.A. § 26-26-1201. The tax liability that attaches under A.C.A. § 26-34-101(b) as a result of that yearly assessment is the amount due for the year. Attorney General Opinion No. 81-022 correctly states that the statutes do not provide for the proration of taxes on property that is transferred or changes status during the year.
Under A.C.A. § 26-34-101, the tax liability that attaches as a result of the yearly assessment becomes a lien on the property. That lien goes with the property if the property is transferred. A.C.A. § 26-18-502 states:
 (a) The liability, at law or in equity, of the transferee of property of any person liable for any tax imposed by a law of the State of Arkansas shall be the same as that of the transferor and may be assessed and collected from the transferee in the same manner and subject to the same provisions as the transferor.
A.C.A. § 26-18-501(a).
Opinion No. 81-022 correctly states that as between grantor and grantee, under A.C.A. §§ 26-34-101 and 26-28-108, tax liability does not attach until the third Monday in February. These provisions have significance only to the extent that they affect the warranties included in a warranty deed. That is, if property is transferred by way of warranty deed on a date after the third Monday in February and the grantor has warranted that the property is unencumbered, he is liable to a claim of breach of warranty because of the prior attachment of the tax lien. Even in that instance, however, the grantee would still be liable for payment of the taxes under A.C.A. § 26-18-501(a). He would simply have an avenue for recovery of the amount from the grantor.
The provisions of A.C.A. § 26-34-101(b) do not affect situations in which the property has not been acquired by warranty deed. Where property has been acquired by eminent domain, no warranties have been made as to whether the property is encumbered. In addition, the amount paid for the property in an eminent domain proceeding is the market value of the property, which is determined by taking into consideration every element that would affect the value of the property and that a businessperson of ordinary prudence would consider before purchasing the property.Barnes v. Arkansas State Highway Commission, 10 Ark. App. 375,664 S.W.2d 884 (1984). Presumably, this was the valuation procedure that was followed in the eminent domain proceeding by which the City of Siloam Springs acquired the property at issue. If so, all possible tax liabilities were figured into the purchase price that was paid, which would have resulted in a reduction of the purchase price.
Accordingly, it is my opinion that even if the city acquired the property after the third Monday in February of 1990, it is still liable for payment of any taxes assessed for the year 1990. Note, however, that because the property immediately became exempt from taxation under Arkansas law, the assessor must adjust the official records so as to reflect the property's change in status as of January 1, 1991, as required by A.C.A. § 26-26-1001. The property is not subject to taxation for any time period from and after January 1, 1991, other than amounts arising out of the 1990 liability, such as interest or penalties.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SA/cyh