## AMERICAN STATES INSURANCE COMPANY *v.*
## SOUTHERN GUARANTY INSURANCE COMPANY

CA 95-138 919 S.W.2d 221

Court of Appeals of Arkansas
Division I
Opinion delivered April 3, 1996

*Baxter, Wallace, Jensen & McCallister*, by: *Ray Baxter*, for appellant.

*Barber, McCaskill, Amsler, Jones & Hale, P.A.*, by: *Micheal L. Alexander* and *Chris Gomlicker*, for appellee.

JUDITH ROGERS, Judge. This is an appeal from a subrogation action brought by American States Insurance Company (American States) against Southern Guaranty Insurance Company (Southern Guaranty), the appellee. American States argues on appeal that the trial court erred in entering summary judgment in favor of Southern Guaranty. We find no error and affirm the trial court.

We discussed summary judgment in *Wozniak* v. *Colonial Insurance Co.*, 46 Ark. App. 331, 885 S.W.2d 902 (1994), as follows:

> The party moving for summary judgment must show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Keller* v. *Safeco Ins. Co.*, 317 Ark. 308, 877 S.W.2d 90 (1994). All proof submitted must be considered in the light most favorable to the non-moving party, and any doubts or inferences must be resolved against the moving party. *Id.* On appeal, the court determines if summary judgment was proper based on whether the evidence presented by the movant leaves a material question of fact unanswered, *id.* at 311-12, and summary judgment is not proper where evidence, although in no material dispute as to actuality, reveals an aspect from which inconsistent hypotheses might reasonably be drawn and reasonable men might differ. *Baxley* v.

*Colonial Insurance Co.*, 31 Ark. App. 235, 240, 792 S.W.2d 355 (1990).

46 Ark. App. at 332.

The facts in this case are uncontroverted. In May 1992, the Hoffman-Henry Insurance Corporation of Pine Bluff acted as agent for both parties. On May 11, Pierre Welter obtained automobile insurance through the agency with Southern Guaranty. Welter returned on May 22 to obtain homeowner's coverage. After Southern Guaranty refused to write the coverage, the agency, by its employee Sandra Smith, called American States to obtain the homeowner's coverage. American States agreed to provide the insurance if Welter would also place his automobile insurance and life insurance with American States. Smith then informed Southern Guaranty that Welter's automobile insurance was being canceled so that he could place the insurance with American States and obtain homeowner's insurance. On May 23, Smith issued an oral binder for the automobile coverage with American States. Welter's wife was at fault in an automobile accident that occurred on May 27. American States paid damages of $9,414.28 and then filed a complaint against Southern Guaranty, asserting that Welter's automobile policy with Southern Guaranty was still in effect on May 27. Southern Guaranty specifically denied that the automobile insurance issued by it was in force and effect on that date. Southern Guaranty then moved for summary judgment, attaching the affidavit of Sandra Smith. The trial court granted summary judgment, finding that Southern Guaranty's policy had been canceled and was not in force and effect on May 27.

■ Where the operative facts of the case are undisputed, as here, this court simply determines on appeal whether the appellee was entitled to summary judgment as a matter of law. *Hertlein* v. *St. Paul Fire & Marine Ins. Co.*, 323 Ark. 283, 284, 914 S.W.2d 303 (1996); *Doe* v. *Central Arkansas Transit*, 50 Ark. App. 132, 136, 900 S.W.2d 582 (1995).

On appeal, American States argues that because there was no overt act by Welter to cancel the Southern Guaranty policy, there was not an effective cancellation of the policy. In support of this argument, American States relies on the supreme court's holding in *Yant* v. *Bowker*, 248 Ark. 826, 454 S.W.2d 84 (1970). In that case, an insurance company sought to collect an unpaid insurance premium.

The insured responded that the policy had been canceled pursuant to his statement to the insurance agent that he did not have the money for the insurance and that "he might as well go ahead and cancel it." 248 Ark. at 828. In finding that the insured failed to prove cancellation of the policy, the supreme court stated:

> In the case of *Commercial Union Fire Ins. Co.* v. *King*, 108 Ark. 130, 156 S.W. 445, the insurance company was defending a claim for loss due to fire on the ground that the insurance company had cancelled the policy before the fire. In that case the court said:
>
>> "The notice must be given to the insured, and it should state not merely *the intent to cancel*, if some condition be not complied with, but *it must be an actual notice of cancellation* within the meaning of the policy and so unequivocal in its form, that the insured may not be left in doubt that his insurance will expire on the time limited by the terms of the notice, and that the company will not be liable for any loss after the expiration of that time." (Emphasis supplied).
>
> No less notice should be required when the insured is the party attempting to cancel the policy. The appellant has the burden of proving the affirmative defense of cancellation of the policy in order to avoid payment of the premium, and the trial court found that the appellant failed in carrying that burden in the case at bar. The conversation of the appellant with the appellee, as testified by the appellant, indicates at most, a mere intention on the part of the appellant to cancel the policy. Certainly this is true in the absence of any showing by the appellant of any overt actions that he took in order to effectuate the cancellation of the policy.
>
> In Cooley's Briefs on Insurance, vol. 5, p. 4647, the following rule is stated:
>
>> ". . . even in case of a cancellation of the contract by the insured, the mere intention to cancel will not be sufficient without some overt act giving the company notice that the contract is at an end."

248 Ark. at 829.

 American States interprets the court's ruling as requiring written notice before an insured can effectively cancel an insurance policy. We do not agree with this interpretation. Although the supreme court did not specify what kind of overt act was required to cancel the policy, we believe that the court was not saying that an insured is required to provide written notice but is required to follow the general rule found in 6A Appleman, *Insurance Law and Practice* § 4226 (Rev. ed. 1972): "A request for cancellation of a policy must be unequivocal and absolute." *See also* 45 C.J.S. *Insurance* § 513 (1993); 17 *Couch on Insurance 2d* § 67:144 (Rev. ed. 1983).

In the case at bar, American States presented the record of an interview with Sandra Smith in which she stated that on May 22, she explained the circumstances to Southern Guaranty; informed Southern Guaranty that Welter's automobile policy, which the agency had not received at that time, was being canceled effective May 23; and informed Southern Guaranty that when the policy was received, she would mark it "cancel effective May 23, 1992," and return it. Smith's affidavit provided in part:

> 8. Southern Guaranty did not have any policy of insurance in effect covering Mr. and Mrs. Welter at the time of the accident on May 27, 1992. Southern Guaranty had previously been verbally advised that their policy issued on May 11, 1992, was canceled "flat" at the request of Mr. Welter on May 22, 1992. The reason for the change was because Mr. Welter needed to obtain automobile and life insurance policies from American States before American States would cover his company-owned home as well. Southern Guaranty was verbally advised of the cancellation because, although we had previously ordered a policy issuing coverage to Mr. and Mrs. Welter, we had not received the policy in our office at the time of the "flat" cancellation.

> 9. A "flat" cancellation means that there was no earned premium. In other words, if an insured wishes to cancel a policy within the first thirty (30) days of coverage, as long as the insured has incurred no losses within that thirty day period, no premium is charged to the insured and he is given a full refund of any premiums he has paid.

> 10. There was no applicable grace period regarding the

"flat" cancellation of Southern Guaranty's automobile policy. The policy was retroactively canceled back to May 11, 1992 (the initial date of coverage) and the entire premium was returned in full to Mr. Welter.

■ American States urges that Welter failed to take any overt action and "simply acquiesced to the advice of the agent that he should cancel his Southern Guaranty policy in favor of the policy with American States." Here, Smith conveyed Welter's notice of cancellation by telephone to Southern Guaranty in clear terms and specified the exact date of cancellation.

> A due request for, or notice of, cancellation made to the insurance company or its authorized agent may be sufficient to effect a cancellation of an insurance policy. Notice or request usually is necessary to effect a termination of the policy, and a communication concerning cancellation must be delivered to the company or its authorized agent. The insurance company must receive actual notice of the cancellation.

45 C.J.S. *Insurance* § 513 (1993). "Generally, a policy may be canceled by the insured or his proper representative only. Where an agent or broker has authority, either express or implied, to cancel a policy, a termination upon his request is valid." 6A Appleman, *Insurance Law and Practice* § 4224 (Rev. ed. 1972). We find that there was nothing uncertain about the notice set out in the case at bar. Southern Guaranty could not fail to understand that Welter had exercised his right to cancel the policy and had canceled it. The requirement of providing actual notice of cancellation set out in *Yant v. Bowker, supra*, the case relied on by American States, therefore was satisfied.

■ American States also argues that the cancellation was deficient because it was not in strict compliance with the policy provision on cancellation. This issue, however, was not preserved for appellate review. American States did not raise the issue at the trial level in the complaint, response to motion for summary judgment and countermotion for summary judgment, or brief in support of the motion. We have often stated that we will not address an issue on appeal that was not raised below. *Keesee v. Keesee*, 48 Ark. App. 113, 117, 891 S.W.2d 70 (1995); *Arkansas State Highway Comm'n v. Lee Wilson & Co.*, 43 Ark. App. 22, 27, 858 S.W.2d 137

(1993).

Affirmed.

PITTMAN and COOPER, JJ., agree.