John L. McGOUGH *v.* PINE BLUFF SCHOOL DISTRICT

CA 01-1424                                    85 S.W.3d 920

Court of Appeals of Arkansas
Division II
Opinion delivered October 2, 2002

*Mitchell, Blackstock, Barnes, Wagoner & Ivers*, by: *Marcia Barnes*, for appellant.

*Ramsay, Bridgforth, Harrelson and Starling LLP*, by: *Spencer F. Robinson*, for appellee.

JOHN E. JENNINGS, Judge. The controlling issue in this case is whether the Teacher Fair Dismissal Act of 1983 (the Act), Ark. Code Ann. §§ 6-17-1501 through 6-17-1510 (Repl. 1999), applies to all types of disciplinary suspensions, including those that are not in contemplation of termination or the nonrenewal of a teacher's contract. The trial court held that it does not and we agree.

Appellant John McGough was employed as a counselor by appellee, the Pine Bluff School District. On May 5, 2000, appel-

lee's superintendent notified appellant that he was suspending him from May 8 through 12; that he would recommend to the school board that the suspension be without pay; and that he could request a hearing before the Board on May 16 or at another time. The Board voted on May 16 to suspend appellant without pay for five working days. On May 23, appellant sent a certified letter to the Board requesting a hearing and invoking his rights under the Act. At a hearing held on June 13, the Board voted again to uphold his suspension.

Appellant filed a complaint in the Jefferson County Circuit Court, alleging that appellee violated the Act and breached his contract by failing to provide him with notice that he had thirty days to request a hearing and by voting to suspend him without pay before the time to request a hearing had run out. Appellee did not dispute appellant's version of the facts but answered that the Act does not apply to a disciplinary suspension that is not imposed in the context of a recommendation of termination or the nonrenewal of a teacher's contract. In response to appellant's motion for summary judgment, appellee also argued that appellant's claim was covered by appellee's grievance procedure, which follows Ark. Code Ann. § 6-17-208 (Repl. 1999). That statute provides that school districts must have written grievance procedures that provide for an orderly method of resolving concerns raised by an employee and, without specifically mentioning suspension, defines a grievance as including any concern related to personnel policies or salary raised by an employee. It also provides for an appeal of an unsatisfactorily resolved grievance from the superintendent to the school board at its next regularly scheduled meeting, unless the parties agree otherwise.

Appellee also moved for summary judgment, and the circuit judge heard arguments on the parties' cross-motions. Although the judge assumed, without deciding, that the Act was not followed, he held that it did not apply to the facts of this case. Noting that appellant had exercised his remedy under Ark. Code Ann. § 6-17-208 in appealing his suspension to the Board, the court said:

> The school district argues in its Cross-Motion for Summary Judgment that the proposed interpretation of the statute by Mr.

McGough could lead to ridiculous results. For example, under Mr. McGough's theory, he could not have been suspended without pay. The superintendent could suspend him, but he would have to be paid for all of his days missed while suspended. Then, if he subsequently requested a hearing, the school board would be faced with the issue of either upholding the suspension without pay or not. Assuming that the board chose to uphold the suspension without pay, the issue becomes how would the school board convert it into a suspension without pay. The district argues that the only way to do it would be to suspend him for another five (5) days after the board hearing. The Court is persuaded that the legislature did not intend to cover a short disciplinary suspension like this one under the elaborate scheme of the Teacher Fair Dismissal Act, which appears to protect the teacher's rights in non-renewal and termination decisions or suspensions attendant to a non-renewal or termination recommendation by the superintendent.

On appeal, appellant argues (1) that the Act applies to all types of suspensions, and (2) that appellee violated the Act. We agree with the circuit judge that the Act does not apply to this suspension.

Summary judgment is to be granted by a trial court only when it is clear that there are no genuine issues of material fact to be litigated, and the party is entitled to judgment as a matter of law. *Bond v. Lavaca Sch. Dist.*, 347 Ark. 300, 64 S.W.3d 249 (2001). Normally, in an appeal from a summary judgment, the evidence is viewed most favorably for the party resisting the motion and any doubts and inferences are resolved against the moving party, but when the parties agree on the facts, we need only determine whether the appellee was entitled to judgment as a matter of law. *See Aloha Pools & Spas, Inc. v. Employer's Ins. of Wausau*, 342 Ark. 398, 39 S.W.3d 440 (2000). When both sides move for summary judgment and thus, in essence, agree that there are no material facts remaining, summary judgment is an entirely appropriate means for resolution of the case. *McCutchen v. Patton,* 340 Ark. 371, 10 S.W.3d 439 (2000). The question in the case at bar is one of law.

█ █ The basic rule of statutory construction is to give effect to the intent of the General Assembly. *Turnbough v. Mammoth Spring Sch. Dist.*, 349 Ark. 341, 78 S.W.3d 89 (2002). In determining the meaning of a statute, the first rule is to construe it just as it reads, giving the words their ordinary and usually accepted meaning in common language. *Id.* Statutes relating to the same subject are said to be *in pari materia* and should be read in a harmonious manner, if possible. *R.N. v. J.M.*, 347 Ark. 203, 61 S.W.3d 149 (2001).

█ █ An intent to include all kinds of disciplinary suspensions is not apparent from the statutes that comprise the Act. Arkansas Code Annotated § 6-17-1501 sets forth the Act's title as "The Teacher Fair Dismissal Act of 1983." While the title of an act is not part of the law, it may be referred to in order to help ascertain the intent of the legislature. *Brandon v. Arkansas Pub. Serv. Comm'n*, 67 Ark. App. 140, 992 S.W.2d 834 (Repl. 1999).

Some statutes within the Act broadly mention suspension without specifying a particular type of suspension. *See* Ark. Code Ann. §§ 6-17-1503 and 6-17-1506 (Repl. 1999). Other statutes, such as Ark. Code Ann. §§ 6-17-1504 and 6-17-1507, do not mention suspension at all. Significantly, Ark. Code Ann. § 6-17-1509(a), which provides for a teacher's right to obtain a hearing and the procedure for obtaining and conducting this hearing, does not mention suspension. Furthermore, Ark. Code Ann. § 6-17-1510, which is entitled "Board action of termination or nonrenewal — Appeal," sets forth the effect of the school board's decision and the procedure by which an appeal from its decision is taken. It also fails to mention suspension.

A construction of Ark. Code Ann. § 6-17-1508 is essential. This statute, which bears the title "Suspension," states:

> (a) Whenever a superintendent has reason to believe that cause exists for the termination of a teacher and that immediate suspension of the teacher is necessary, the superintendent may suspend the teacher without notice or a hearing.

> (b) The superintendent shall notify the teacher in writing within two (2) school days of the suspension.

(c)(1) The written notice shall include a statement of the grounds for suspension or recommended termination, setting forth the grounds in separately numbered paragraphs so that a reasonable teacher can prepare a defense.

(2) The written notice shall be delivered in person to the teacher or sent by registered or certified mail to the teacher at the teacher's residence address as reflected in the teacher's personnel file and shall state that a hearing before the board of directors is available to the teacher upon request provided that the request is made in writing within the time provided in § 6-17-1509.

(d) The hearing shall be scheduled by the president, vice president, or secretary of the board of directors of a school district and the teacher and shall be held within the time and manner provided in § 6-17-1509 after a request for the hearing is received by the board.

(e) If sufficient grounds for termination or suspension are found, the board may terminate the teacher or continue the suspension for a definite period of time.

(f) The salary of a suspended teacher shall cease as of the date the board sustains the suspension.

(g) If sufficient grounds for termination or suspension are not found, the teacher shall be reinstated without loss of compensation.

■ The wording of Ark. Code Ann. § 6-17-1508(a) provides the key to this issue. It clearly states that the superintendent may suspend a teacher "[w]henever a superintendent has reason to believe that cause exists for the termination of a teacher *and* that immediate suspension of the teacher is necessary . . . ." (Emphasis added.) In other words, the question of suspension does not come into play in the context of the Act *unless* the superintendent has reason to believe that cause exists for termination. We hold that this statute, read in its entirety and with the other sections of the Act, makes clear that the Act applies only to suspensions that are imposed in connection with a superintendent's recommendation of termination or nonrenewal and that it does not apply to appellant's suspension.

Affirmed.

VAUGHT and CRABTREE, JJ., agree.