# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-1601

_____

| | | |
|---|---|---|
| Kendall Dodson; Dennis D. Dodson; Jerry Dodson; Loyal S. Dodson, | * * * | |
| Plaintiffs - Appellants, | * * | |
| v. | * * | Appeal from the United States District Court for the Eastern |
| J.C. Penney Company, Inc.; | * * | District of Arkansas. |
| Defendant, | * * | |
| J.C. Penney Life Insurance Company, | * * | |
| Defendant - Appellee. | * | |

_____

Submitted: September 13, 2002

Filed: November 6, 2002

_____

Before BYE, BEAM and MELLOY, Circuit Judges.

_____

BYE, Circuit Judge.

Kendall, Dennis, Jerry and Loyal Dodson (Dodson children) appeal the district court's adverse grant of summary judgment in favor of J.C. Penney Life Insurance Company dismissing their claim for life insurance proceeds in connection with the deaths of their parents, J.B. and Viola Dodson (Dodsons). We reverse.

## I.

In February, 1998, the Dodsons purchased an accidental death and dismemberment insurance policy from J.C. Penney which provided a $100,000 death benefit in the event of J.B.'s death, and a $50,000 benefit in the event of Viola's death. The monthly premium was billed to the Dodsons' J.C. Penney charge card. In June, 1999, J.C. Penney solicited the Dodsons by mail offering to sell them additional death and dismemberment coverage. The offer advised the Dodsons to return a form attached to the mailing by August 9, 1999, if they wanted the additional coverage.

On June 30, 1999, Mr. Dodson called J.C. Penney's offices in Oklahoma City and spoke with J.C. Penney employee, Camilla Frazier. Ms. Frazier has no independent recollection of the conversation with Mr. Dodson, but based upon entries made in her computer at the time of the call she testified Mr. Dodson called to cancel the death and dismemberment policy. Ms. Frazier's computer notes indicate Mr. Dodson had concerns about the policy and wanted it cancelled. She attempted to dissuade him but he said they had other coverage and did not need the policy. Ms. Frazier told Mr. Dodson the coverage would be in addition to any other similar coverage but he insisted on cancellation. Finally, the computer notes reflect Mr. Dodson was given the option of cancelling the policy immediately and receiving a rebate of the unused premium or allowing the policy to lapse as of the date the next premium was due (August 13, 1999). Mr. Dodson chose to allow the policy to lapse.

On September 11, 1999, the Dodsons were killed in an automobile accident. The Dodson children found J.C. Penney's offer of additional life insurance among their parents' personal effects. The Dodson children contacted J.C. Penney and made a claim for the policy proceeds but were told the policy had been cancelled effective August 13, 1999.

The Dodson children brought suit against J.C. Penney seeking to collect on the policy. J.C. Penney sought summary judgment arguing the undisputed facts showed the policy had been cancelled by the Dodsons effective August 13, 1999. The Dodson children argued there was a genuine question of material fact as to whether the Dodsons called to cancel the policy on June 30, 1999, or whether they simply called to decline the offer of additional coverage and the policy was mistakenly cancelled. They also argued J.C. Penney should be estopped from claiming the policy had been cancelled, because it failed to follow a company policy requiring written notice confirming cancellation be sent within 7 days of cancellation. Finally, the Dodson children argued Arkansas's statutory 31-day grace period extended coverage from August 13, 1999, the date the policy lapsed, until September 13, 1999, beyond the date the Dodsons were killed. The district court held there was no issue of material fact concerning cancellation of the policy; estoppel did not apply because the Dodson children could not show detrimental reliance; and the grace period did not apply because the policy had been cancelled by the Dodsons. Because the district court mistakenly concluded the 31-day grace period did not apply, we reverse.

## II.

We review a grant of summary judgment de novo, applying the same standard as the district court. Jaurequi v. Carter Mfg. Co., 173 F.3d 1076, 1085 (8th Cir. 1999). Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment shall be awarded to a party if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.

The Dodson children contend the district court erroneously concluded there was no genuine issue of material fact as to whether the Dodsons' insurance policy had been cancelled. They further argue J.C. Penney should be estopped from relying upon the alleged cancellation because it failed to send out written notice of cancellation as required by company policy. We agree the district court properly

rejected these arguments. We disagree, however, with the district court's application of Arkansas's statute imposing a 31-day grace period on group life insurance policies.

Ark. Code Ann. § 23-83-110 provides:

(a) The group policy, excluding an annuity policy, shall contain a provision that the policyholder is entitled to a grace period of thirty-one (31) days for the payment of any premium due except the first, during which grace period the death benefit coverage shall continue in force *unless* the policyholder shall have given the insurer *written notice* of discontinuance in advance of the date of discontinuance and in accordance with the terms of the policy. (emphasis added).

The district court concluded the statute applied to policies for which a premium was due, and, because Mr. Dodson cancelled the policy orally, no premium was due. The district court, however, failed to consider the additional statutory language requiring written notice from the Dodsons in advance of discontinuance.

The district court correctly noted the burden was on J.C. Penney to show the policy was no longer in effect and that cancellation was done in accordance with the terms of the insurance policy.[1] Am. Colonial Ins. Co. v. Mabry, 245 Ark. 288, 291, 432 S.W.2d 15, 18 (1968). The district court found Mr. Dodson's intent to cancel was unequivocal and absolute, Am. States Ins. Co. v. S. Guar. Ins. Co., 53 Ark.App. 84, 88, 919 S.W.2d 221, 223 (1996), and, inasmuch as the insurance contract had been cancelled as of August 13, 1999, the grace period did not apply. This case is not, however, governed solely by the language of the insurance policy.

---

[1]The policy provides "[y]ou may cancel your coverage upon notice to us. Notice is deemed to be due or given when made in writing, communicated verbally by telephone or in person, or by any other means acceptable to us." App. 43 (policy renewal conditions).

Insurance carriers transacting business in Arkansas are required to include within their insurance contracts "such standard or uniform provisions as are required by the applicable provisions of this code pertaining to contracts of particular kinds of insurance." Ark. Code Ann. § 23-79-111. Among the provisions to be included in group life insurance policies is the grace period required by § 23-83-110. Ark. Code Ann. § 23-83-109. Section 23-83-110 unambiguously requires life insurance carriers to provide a 31-day grace period. Equally unambiguous is its message to life insurance carriers that the grace period applies "unless the policyholder shall have given the insurer written notice of discontinuance in advance of the date of discontinuance and in accordance with the terms of the policy." Id. Thus, in order for J.C. Penney to avoid the grace period, Mr. Dodson's cancellation had to meet the statutory requirements and be done in accordance with the terms of the policy. We do not doubt Mr. Dodson's oral cancellation was unequivocal and fell within the terms of the policy. We find no evidence, however, that written notice of discontinuance in advance of August 13, 1999, was provided. Thus, Mr. Dodson's oral cancellation of the policy, while perhaps effective for some other purpose, did not relieve J.C. Penney of its statutory duty to provide a 31-day grace period once the policy lapsed.

## III.

The judgment of the district court inasmuch as it relates to the application of § 23-83-110 is reversed and the case is remanded for further proceedings consistent with this opinion.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-5-