BART F. VIRDEN, Judge
Appellant John C. Garrett, as heir and nominated personal representative of Nancy Lee Garrett's estate, appeals from the Sebastian County Circuit Court's order that granted summary judgment to appellee George Webb Neece and denied summary *688 judgment to Nancy Lee Garrett.[1] In its order, the trial court determined that trust documents executed by Eva Lee Neece, the now deceased mother of George and Nancy, evidenced her intent to give Tract A, consisting of 39.07 acres, to George and Tract B, consisting of 38.49 acres, to Nancy. Garrett argues that the trust (1982 Revocable Trust) created by Eva to hold the previously undivided eighty-acre tract was not revoked and that the eighty-acre tract remains in the 1982 Revocable Trust. We affirm and remand with instructions.
I. Background and Procedural History
In March 1982, Eva, a widow at the time, established the 1982 Revocable Trust holding property, including approximately eighty acres in Sebastian County. Eva identified herself as both settlor and trustee. She named George and Nancy as successor trustees. The trust provided that the settlor reserved the right to revoke the trust at any time but did not specify a manner for revocation. It further provided that, in the absence of revocation, the trust would remain in effect until the death of the settlor, at which time the successor trustees would distribute one-half of the assets to George and the other one-half to Nancy. The 1982 Revocable Trust also provided,
Generally, and without limitation by any specific enumeration herein, the Trustees shall have the power to manage, control, operate, convert, reconvert, invest, reinvest, sell, exchange, lease, mortgage, create a security interest in, pledge, pool, utilize or otherwise encumber and deal with the property of this Trust, for and in behalf of this Trust and the beneficiaries thereof, as any individual would have in respect of his own property and funds.
On May 5, 2009, Eva executed a quitclaim deed from herself, individually, to George, conveying 39.07 acres of the eighty-acre tract from the 1982 Revocable Trust. The deed was filed August 15, 2011. This portion is referred to as Tract A. On July 28, 2009, Eva executed an amendment to the 1982 Revocable Trust in which she excepted from the trust's property 39.07 acres (Tract A); the amendment provided that the remaining property, 38.49 acres (referred to as Tract B), would be distributed to Nancy upon termination of the trust.
On January 22, 2010, Eva executed another revocable trust (2010 Revocable Trust) and specifically revoked the 1982 Revocable Trust and all subsequent amendments to it. She again identified herself as settlor and trustee and named George as successor trustee. Eva then purported to transfer property, including Tract B, into the 2010 Revocable Trust. No mention was made of Tract A. Eva again reserved the right as settlor to revoke the trust at any time. Further, the trust provided that, in the absence of revocation, the trust shall remain in effect until the death of the settlor, and at that time the successor trustee shall initiate a sale of Tract B and distribute the proceeds in one-third shares to three members of the Garrett family.
On August 22, 2011, Eva did two things: she executed an amendment to the 2010 Revocable Trust and executed her last will and testament. The amendment to the 2010 Revocable Trust included a specific bequest of 38.49 acres (Tract B) to the *689 Nancy Lee Garrett Bypass Trust.[2] The amendment also provided that the balance of the trust estate should be distributed to George if he survived the settlor. In Eva's will, she gave the rest, residue, and remainder of her property to the trustee of the 2010 Revocable Trust with instructions to add the property to the trust and distribute the property in accordance with the 2010 Revocable Trust and its amendment. Eva died in June 2015.
In August 2016, Nancy filed a complaint against George, individually and as successor trustee of the 1982 Revocable Trust, seeking a declaratory judgment that the 2009 conveyance of Tract A from Eva, individually, to him is void and should be set aside and that the 1982 Revocable Trust be declared owner of the property at issue in the deed, of which George and Nancy are joint owners. George filed an answer to Nancy's complaint asserting that the 1982 Revocable Trust was revoked on January 11, 2010, and no longer exists. George denied the material allegations of the complaint.
On February 14, 2017, Nancy moved for summary judgment, asserting that there were no genuine issues of material fact to be litigated, that she was entitled to a declaration that the 2009 quitclaim deed from Eva to George is void and therefore should be set aside, and that the 1982 Revocable Trust remains in full force and effect with George and Nancy as its rightful beneficiaries. She attached to her motion a copy of the 1982 Revocable Trust and the 2009 quitclaim deed to George.
In March 2017, George amended his answer and pled affirmatively that, by executing and delivering the 2009 quitclaim deed to him, Eva effectively partially revoked the 1982 Revocable Trust or, alternatively, Eva made a distribution of Tract A outside the trust. George admitted that Eva created the 1982 Revocable Trust but asserted that he "lack[ed] sufficient knowledge or information to form a belief as to the truthfulness of the allegation that the real property which is the subject of this litigation was conveyed to the Trustee of the 1982 Trust" and "demand[ed] that [Nancy] be held to strict proof thereof." George also moved for summary judgment and noted, "[Nancy] alleges, but has not yet provided any proof, that legal title to the lands which are the subject of this litigation was formally conveyed to the Trustee of the 1982 Trust." He alleged that Eva expressly revoked the 1982 Revocable Trust when she executed the 2010 Revocable Trust and that she either effectively conveyed Tract A to him through the 2009 quitclaim deed or, upon revocation of the 1982 Revocable Trust, title to the assets reverted to Eva as the settlor. George attached to his motion, in addition to copies of the 1982 Revocable Trust and the 2009 quitclaim deed, the amendment to the 1982 Revocable Trust, the 2010 Revocable Trust and its amendment, and Eva's last will and testament. George also filed a counterclaim and third-party complaint in which he named Nancy as a defendant in her capacity as successor trustee of the 1982 Revocable Trust and sought quiet title, declaratory judgment, and a mandatory injunction.
On June 13, 2017, a hearing was held on the parties' motions for summary judgment.[3] Following the hearing, the trial *690 court entered an order on July 11, 2017, after "a thorough review of the exhibits to the pleadings, particularly the trusts and their amendments." The trial court granted George's motion and denied Nancy's motion. It further found that Eva's intent was clearly manifested and accomplished through her trust documents: George was to receive Tract A, and Nancy was to receive Tract B.
II. Standard of Review
Rule 56(c)(1) of the Arkansas Rules of Civil Procedure provides that a summary-judgment motion shall specify the issue or issues on which summary judgment is sought and may be supported by pleadings, depositions, answers to interrogatories and admissions on file, and affidavits. No party shall submit supplemental supporting materials after the time for serving a reply, unless the court orders otherwise. Ark. R. Civ. P. 56(c)(1). The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law on the issues specifically set forth in the motion. Ark. R. Civ. P. 56(c)(2). Summary judgment is to be granted by a trial court only when it is clear that there are no genuine issues of material fact to be litigated, and the party is entitled to judgment as a matter of law. McGough v. Pine Bluff Sch. Dist. , 79 Ark. App. 235, 85 S.W.3d 920 (2002). Generally, in an appeal from a summary judgment, the evidence is viewed most favorably to the party resisting the motion and any doubts and inferences are resolved against the moving party, but when the parties agree on the facts, we need only determine whether the appellee was entitled to judgment as a matter of law. Id. When both sides move for summary judgment and thus, in essence, agree that there are no material facts remaining, summary judgment is an entirely appropriate means for resolution of the case. Id.
III. Discussion
The cardinal rule in construing a trust instrument is that the intention of the settlor must be ascertained. In re Estate of Hyde , 2015 Ark. App. 628, 474 S.W.3d 915. In construing a trust, we apply the same rules applicable to the construction of wills. Id. The paramount principle in the interpretation of wills is that the intent of the testator (or the settlor, in the case of a trust) governs. Id. This intention is to be determined by viewing the four corners of the instrument, considering the language used, and giving meaning to all of its provisions, whenever possible. Id.
Garrett first argues that, although Eva purported to revoke the 1982 Revocable Trust in 2010 with the execution of a second trust, she did not have the authority to revoke the entire 1982 Revocable Trust. Specifically, Garrett maintains that Eva did not have authority to revoke the trust as to property that George and Nancy contributed (the eighty acres in 1999) to the trust and that they became settlors as *691 to the eighty acres. He cites Ark. Code Ann. § 28-73-602(b)(2) (Repl. 2012), which provides that, if a revocable trust is created or funded by more than one settlor, to the extent the trust consists of property other than community property, each settlor may revoke or amend the trust with regard to the portion of the trust property attributable to that settlor's contribution. Moreover, Garrett relies on Ark. Code Ann. § 28-73-103(16), which defines "settlor" as a person who creates, or contributes property to, a trust and provides that, if more than one person creates or contributes property to a trust, each person is a settlor of the portion of the trust property attributable to that person's contribution, except to the extent another person has the power to revoke or withdraw that portion.[4]
Garrett's argument is not preserved for review because he neither cited the statutes he now relies on in his summary-judgment motion nor argued the substance of the statutes in his motion or at the summary-judgment hearing. As a result, the trial court was not given an opportunity to rule on the issue, and there is no ruling for this court to review. Am. States Ins. Co. v. S. Guar. Ins. Co. , 53 Ark. App. 84, 919 S.W.2d 221 (1996) (holding that the issue was not preserved for appellate review when the appellant did not raise the issue at the trial level in the complaint, response to motion for summary judgment and countermotion for summary judgment, or brief in support of the motion).
Garrett next argues that George did not receive title to the property in 2009 because Eva conveyed it in her individual capacity, not as trustee of the 1982 Revocable Trust, and thus conveyed an individual interest in property that did not exist.[5] Garrett concludes that the entire eighty-acre tract thus remains in the 1982 Revocable Trust.
We do not consider Garrett's improper and untimely exhibits suggesting that Eva owned the property only as the trustee of the 1982 Revocable Trust.[6] It is not clear that the trial court considered them given that the trial court's decision was said to have been based on a review of the exhibits to the pleadings. In addition, Garrett submitted them "for reference purposes only"-in other words, not as evidence in support of his motion for summary judgment-and the trial court accepted those exhibits based on trial counsel's erroneous assurances that they had all been part of the pleadings. In any event, we note that Garrett appears to have admitted through the pleadings, as well as in the brief in support of his motion for summary judgment, that Eva herself conveyed the property to her 1982 Revocable Trust and named herself settlor and trustee. Garrett was aware as early as March 1, 2017, that how the eighty acres was initially conveyed to the trust was a disputed matter, yet he *692 made no attempt to offer any proof on that issue until the day of the hearing.
Eva specifically reserved the right as settlor to revoke the 1982 Revocable Trust at any time. A power to revoke a trust has been interpreted as including also the power to revoke the trust in part, thus allowing withdrawal of some of, rather than all, the property from the trust, if that is all the settlor wishes to do. Restatement (Third) of Trusts § 63. Section 28-73-602(c)(2) provides that, when the terms of the trust do not provide a method to revoke or amend a revocable trust, the settlor may revoke or amend the trust (A) by executing a later will or codicil that expressly refers to the trust or specifically devises property that would otherwise have passed according to the terms of the trust or (B) by any other method manifesting clear and convincing evidence of the settlor's intent.
Eva manifested her intent to revoke in part the 1982 Revocable Trust when she executed the May 2009 quitclaim deed to Tract A of the trust property to George. She further manifested that intent to revoke in part by subsequently amending the 1982 Revocable Trust to except Tract A from the trust property in July 2009. Moreover, she expressly revoked the 1982 Revocable Trust when she created the 2010 Revocable Trust, which made no reference to Tract A. See Restatement (Third) of Trusts § 63. Here, not only was Eva the trustee of the 1982 Revocable Trust with the authority to deal with the property pursuant to the trust provisions,[7] she was also the settlor with the individual power to revoke and amend. Given the above facts, George asserts that the 2009 quitclaim deed of Tract A to him was a valid conveyance.
Even if the 2009 quitclaim deed conveying Tract A from Eva in her individual capacity to George were not valid, George would have nevertheless ended up with Tract A. In her will, Eva left the rest, residue, and remainder of her property to the trustee of the 2010 Revocable Trust, i.e., George, with instructions for him to add that property to the 2010 Revocable Trust and distribute it according to the terms of the 2010 Revocable Trust and any amendments thereto. In the amendment to the 2010 Revocable Trust, executed the same day as the will, Eva stated that the balance of the trust estate, which would have included Tract A, shall be distributed to George. The trial court correctly determined that Eva intended through her trust documents to give Tract A to George and Tract B to Nancy.[8] We must, however, remand with instructions for the trial court to enter an amended order to include legal descriptions of the properties designated as "Tract A" and "Tract B." See, e.g. , *693 Allen v. Weldon , 2011 Ark. App. 329, 2011 WL 1689119.
Affirmed; remanded with instructions.
Abramson and Hixson, JJ., agree.

On January 16, 2019, this court granted Garrett's motion to substitute the party, Nancy Lee Garrett, with John C. Garrett, as heir and nominated personal representative of Nancy Lee Garrett's estate.

The record reveals no other information about the Nancy Lee Garrett Bypass Trust.

At the summary-judgment hearing, Garrett offered several exhibits "simply for reference purposes only." He submitted an unrecorded warranty deed dated September 4, 1973, from Eva and George Neece, Jr. (her husband), purporting to convey eighty acres, more or less, in Sebastian County to their two children, George and Nancy, as tenants in common, but reserving life estates for the grantors. Garrett also submitted a quitclaim deed dated December 19, 1997, from Eva, as widow of George Neece, Jr., to George and Nancy, purporting to convey the same land with a relinquishment of dower, homestead, and curtesy rights. Garrett submitted two quitclaim deeds dated January 26, 1999, from George and Nancy and their respective spouses, "in order to correct a previous error," purporting to convey eighty acres to "Eva Lee Neece, as Trustee of the Eva Lee Neece Revocable Trust of the 22[nd] day of March, 1982." The trial court accepted the offered exhibits only after Garrett's counsel assured the trial court that they had been part of the pleadings. They were not.

We note an exception to this general principle, which applies when the references in the trust provisions to the "settlor," in light of the circumstances of the instrument's execution and of the trust's funding, are interpreted as referring to a particular person rather than to the other persons who contributed to the funding of the trust. Restatement (Third) of Trusts § 63 (2003). We need not determine, however, whether this exception applies because Garrett's argument is not preserved for review.

Garrett cites Ark. Code Ann. § 18-12-604 (Repl. 2015) for the proposition that a deed conveying property to or from a trust must identify the trust. His reliance on this statute is misplaced because section 18-12-604(a)(1) deals with notice to third parties, and Garrett does not explain the import of the remainder of the statute.

See footnote 3 of this opinion for a description of those exhibits.

Generally, a sale, conveyance, or transfer of trust property by a trustee, acting with authority, has the same operation and effect as though he or she were the full legal and equitable owner of the property and operates to pass the legal title to the purchaser. 76 Am. Jur. 2d Trusts § 494 (2005). Although it is desirable for the trustee in the transfer instrument to recite that he or she is acting as a trustee in the matter, or at least affix his or her signature as trustee, this is not essential to the effectiveness of the transaction, if he or she has authority to make the conveyance, transfer, or other alienation, it will be referred to his or her authority. Id. § 524. Upon revocation of a revocable trust, the trustee shall deliver the trust property as the settlor directs. Ark. Code Ann. § 28-73-602(d).

Although the amendment to the 2010 Revocable Trust provides for distribution of Tract B to the Nancy Lee Garrett Bypass Trust, rather than to Nancy outright, Garrett has not requested any relief in this regard, and we have no information about the bypass trust aside from a mere mention of its existence in the amendment.